UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:26-cv-00880-MR

| | | |
|---|---|---|
| SANCHEZ ANTONIO OLEARY BURRIS,<br><br>Plaintiff,<br><br>vs.<br><br>WESTERN DISTRICT CHARLOTTE DIVISION,<br><br>Defendants. | ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

## I. BACKGROUND

Pro se Plaintiff Sanchez Antonio Oleary Burris ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at the Mountain View Correctional Institution in Spruce Pine, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on October 2026, naming the "Western District Charlotte Division" as the sole Defendant. [Doc. 1]. Plaintiff alleges that he is a disabled man with a walker and that he was assaulted by three Charlotte Mecklenburg Police Department (CMPD) officers and one "Sheriff Officer"

while in a courtroom. [Id. at 2].

Plaintiff appears to claim violation of his Fourteenth Amendment rights based on the alleged use of excessive force. [Id. at 3]. Plaintiff claims to have suffered a torn ligament in his left hip as a result of the alleged assault. [Id. at 3, 5]. He seeks damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023). Plaintiff's Complaint fails initial review.

The only named Defendant, "Western District Charlotte Division," is not an entity capable of being sued under § 1983. The Court, therefore, will dismiss this action with prejudice. If Plaintiff wishes to sue individual CMPD officers and/or Mecklenburg County Sheriff's Deputies, he must file a Complaint naming these individuals as defendants by name or pseudonym, e.g., "John Doe," and allege the particular conduct of each defendant allegedly violative of Plaintiff's rights. See Williamson v. Stirling, 912 F.3d 154, 171 (2018).

Because Plaintiff has failed to state a claim for relief against the only named Defendant in this action, Plaintiff's Complaint fails initial review. Since

no claim can be sustained against that sole Defendant, the Court will dismiss this action with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed with prejudice as further set forth in this Order.

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITH PREJUDICE** in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: November 4, 2026

Martin Reidinger
Chief United States District Judge